IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JAMELL ANTHONY NUNN, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | 1:21CV115<br>1:18CR52-3 |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Jamell Anthony Nunn, a federal prisoner, brings a Motion [Doc. #131] to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Facing an indictment containing multiple robbery-related charges, Petitioner pled guilty to a one count of attempted bank robbery in violation of 18 U.S.C. § 2113(a) (Count 11), one count of attempted interference with commerce by robbery (attempted Hobbs Act robbery) in violation of 18 U.S.C. § 1951(a) (Count 19), two counts of interference with commerce by robbery (Hobbs Act robbery) in violation of 18 U.S.C. § 1951(a) (Counts 25 and 27), and one count of brandishing a firearm during and in relation to a crime of violence, which was listed as the Hobbs Act robbery charged in Count 25, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count 26). Petitioner later received concurrent sentences of 120 months of imprisonment for the robbery and attempted robbery convictions (Counts 11, 19, 15, 27) and a consecutive 84 months of imprisonment for the brandishing a firearm conviction (Count 26). Following an

unsuccessful direct appeal, he filed the current Motion. Respondent filed a Response [Doc. #144] opposing the Motion. Petitioner later filed what was docketed as a Supplement [Doc. #152] in which he seeks an appointment of counsel, as well as a Letter Motion [Doc. #160] also requesting counsel. The Parties' Motions are now before the Court for rulings.

## Petitioner's Claims

Petitioner sets out five potential claims for relief in his Memorandum. The first of these asserts that his guilty plea to the brandishing conviction under § 924(c) was not valid because conspiracy to Hobbs Act robbery, which Petitioner believes was the predicate offense listed for the brandishing conviction, is not a crime of violence. (Memorandum at 2.) Petitioner's second claim asserts that he received ineffective assistance because his attorney failed to inform him that could not be convicted under § 924(c) based on conspiracy to commit Hobbs Act robberies as a predicate. (Id. at 3-6.) Petitioner's third claim also alleges ineffective assistance of counsel by claiming that counsel should have objected to Petitioner's advisory sentencing range including what he contends was a "cumulative enhancement" under both § 2B3.1(b)(2)(C) and § 2B3.1(b)(2)(F) of the United States Sentencing Guidelines. (Id. at 6-11.) Petitioner's fourth claim asserts that he received ineffective assistance because his attorney failed to object to an express threat of death being used to enhance one of his Hobbs Act robbery convictions under § 2B3.1(b)(2)(F) when he was also convicted of the brandishing charge under § 924(c). (Id. at 11-17.) Finally, Petitioner claims that his sentencing judge erred by not adequately explaining why he included a prohibition on associating with gang members in Petitioner's conditions of supervised release. (Id. at 18-21.)

2

Discussion

Respondent's initial argument is that Petitioner's claims not based on ineffective assistance should be dismissed based on a waiver contained in Petitioner's Plea Agreement [Doc. #47]. That waiver reads:

> the defendant, JAMELL ANTHONY NUNN, expressly waives the right to appeal the conviction and whatever sentence is imposed on any ground, including any appeal right conferred by Title 18, United States Code 3742(a), and further to waive any right to contest the conviction or the sentence in any post-conviction proceeding, including any proceeding under Title 28, United States Code, Section 2255, excepting the defendant's right to appeal based upon grounds of (1) ineffective assistance of counsel, (2) prosecutorial misconduct not known to the defendant at the time of the defendant's guilty plea, (3) a sentence in excess of the statutory maximum, and (4) a sentence based on an unconstitutional factor, such as race, religion, national origin or gender.

(Plea Agreement ¶ 5(e).) The Court will enforce such a waiver "if it is valid and the issue appealed [or raised in a collateral proceeding] is within the scope of the waiver. A waiver must be knowing and voluntary. In the absence of extraordinary circumstances, a properly conducted Rule 11 colloquy establishes the validity of the waiver." United States v. Adams, 814 F.3d 178, 182 (4th Cir. 2016) (internal citations omitted).

Here, the presiding judge conducted a change of plea colloquy under Rule 11 of the Federal Rules of Criminal Procedure. Petitioner stated under oath that he was twenty-eight years old, that he had been to the eleventh grade in school, that he was not under the influence of narcotic drugs, that he had reviewed the Indictment and Plea Agreement with his attorney, and that he understood them. (Plea Tr. [Doc. #111] at 4-6.) The presiding judge thereafter described the Plea Agreement, including the waiver of appeal and collateral review rights, and Petitioner confirmed that he agreed with the summary of the Plea Agreement, understood it, and had reviewed it with counsel. (Id. at 11-12.) The judge also reviewed the elements of the

3

charged crimes, the penalties, and the rights Petitioner would waive by pleading guilty. (Id. at 18-21, 23-25, 28-30.) Petitioner then pled guilty and the presiding judge accepted the guilty plea. (Id. at 30.)

A review of the plea colloquy reveals that Petitioner knowingly and voluntarily pled guilty while fully understanding the charges and his Plea Agreement, including the waiver of his appellate and post-conviction rights. Petitioner points to nothing to counter his statements made under oath during the plea colloquy and does not show the "extraordinary circumstances" necessary to invalidate the waiver. Therefore, the waiver contained in the Plea Agreement is valid and should be enforced against Petitioner. Here, only claims raised by Petitioner related to ineffective assistance of counsel are not barred by the waiver provision as Petitioner does not raise claims which fall into the other exceptions to the waiver. His first and fifth claims for relief, which do not rely on allegations of ineffective assistance of counsel are waived and should be denied for that reason.[1]

---

[1] The Court also notes that to the extent these claims could be viewed as claims invoking ineffective assistance of counsel not barred by the waiver, they would fail in any event. As set out above, in the first claim for relief Petitioner argues that the brandishing conviction under § 924(c) was not valid because conspiracy to commit Hobbs Act robbery, which Petitioner believes was the predicate offense listed for the brandishing conviction, is not a crime of violence. Notably, that claim is also raised as part of a separate claim of ineffective assistance of counsel, which is not barred by the plea waiver and is discussed further below. As discussed below, that claim is without basis in any event because the predicate offense for Petitioner's § 924(c) conviction in Count 26 was the completed Hobbs Act robbery in Count 25, not the conspiracy in Count 1. Similarly, as to the fifth claim for relief, Petitioner contends that his sentencing judge erred by not adequately explaining why he included a prohibition on associating with gang members in Petitioner's conditions of supervised release. At one point Petitioner uses language associated with ineffective assistance of counsel in connection with his fifth claim for relief. To the extent he may be raising such a claim, it would not be barred by the plea waiver. However, the PSR reflects that Petitioner has gang tattoos and had previously associated with gang members in prison. (Presentence Report [Doc. #67] ¶ 111.) This history of gang affiliation was specifically addressed at the Sentencing Hearing, including with respect to whether he had been associated with the Crips or the Bloods. At the Sentencing Hearing, counsel for Petitioner noted that the PSR stated that Petitioner was associated with the Crips, based on NCDOC records. However, counsel for Petitioner noted the need to correct that information for security purposes within the Bureau of Prisons, because Petitioner had a tattoo

Turning now to Petitioner's claims of ineffective assistance, his first such claim alleges that counsel provided ineffective assistance by failing to properly advise him that, based on the cases of Johnson v. United States, 576 U.S. 591 (2015), and Session v. Dimaya, 138 S. Ct. 1204 (2018), he could not be convicted of the pending charges under § 924(c) because conspiracy to commit Hobbs Act robbery is no longer a crime of violence under that statute. Petitioner further contends that counsel was ineffective by failing to argue prior to sentencing that his § 924(c) conviction was invalid under United States v. Simms, 914 F.3d 229 (4th Cir. 2018), based on the same reasoning.

In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. See Strickland v. Washington, 466 U.S. 668 (1984). With respect to the first prong of Strickland, a petitioner bears the burden of affirmatively showing deficient performance. See Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994). As to the second prong of Strickland, to show prejudice the petitioner must

---

with the word "Bloods," and counsel noted that he "was a member of the Bloods gang when he was a teenager." (Sent. Tr. [Doc. #99] at 2-3.) In imposing the conditions of supervised release, the District Judge included the condition, recommended in the PSR, that "defendant shall not associate with or be in the company of any gang member or security threat group." The District Judge then acknowledged the prior discussion regarding which gang Petitioner had been involved with by noting, "I'm just going to leave it as 'any.'" (Id. at 20.) The District Judge further included the condition that Petitioner "not wear, display, use, or possess any clothing or accessories which have any gang or security threat group significance," and the District Judge then engaged in an extended colloquy with counsel regarding where Petitioner's Bloods tattoo was located and the need to have it covered in some way, to which counsel responded, "he said he understands, and he agrees." (Id. at 20-21.) Therefore, there was ample discussion of that condition and no reason for counsel to object based on a lack of explanation. Moreover, even had Petitioner's counsel raised an objection, the sentencing judge could point to a valid basis for imposing it that is apparent from the discussion. In the circumstances, counsel did not render deficient performance by failing to object to a lack of explanation, and Petitioner did not suffer the prejudice required to establish an ineffective assistance claim based on the condition for supervised release.

5

establish "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. (internal quotation omitted). to show prejudice when challenging a guilty plea, a petitioner must establish that there is a reasonable probability that but for counsel's allegedly deficient conduct, he would not have pled guilty but would have gone to trial. Hill v. Lockhart, 474 U.S. 52 (1985). In evaluating such a claim, the Court may consider whether "a decision to reject the plea bargain would have been rational under the circumstances." Padilla v. Kentucky, 559 U.S. 356, 372 (2010) (citing Roe v. Flores-Ortega, 528 U.S. 470, 480, 486 (2000)).

Here, Petitioner faults counsel for not advising him that he could not be convicted under § 924(c), but his basic premise that he could not be convicted is incorrect. Petitioner relies on the application of Johnson and Dimaya through Simms. He also cites other cases in his requests for counsel as support for the same premise. However, in the cited cases, the underlying predicate was for attempted Hobbs Act robbery or conspiracy to commit Hobbs Act robbery. The predicate offense for Petitioner's § 924(c) conviction in Count 26 was the completed Hobbs Act robbery charged in Count 25 of the Indictment. A completed Hobbs Act robbery was then, and remains now, a proper predicate for a conviction under § 924(c).[2] United States v. Green, 67 F.4th 657, 668-69 (4th Cir. 2023) (citing United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019)); see also United States v. Ali, 991 F.3d 561, 574 (4th Cir. 2021); United States v. Draven, 77 F.4th 307, 317 (4th Cir. 2023). Counsel had no grounds for advising Petitioner that he could not be convicted under the § 924(c) count to which he

---

[2] As noted above, this also means that even if it were not barred by the plea waiver, Petitioner's first claim for relief would fail on the merits.

6

pled and, in fact, this would have been erroneous advice. Therefore, Petitioner cannot show either any misadvice by counsel or any prejudice.[3] This claim of ineffective assistance of counsel fails and should be denied.

Petitioner's two remaining claims of ineffective assistance of counsel allege that counsel failed to object to sentencing enhancements improperly applied in Petitioner's case. However, a review of the record reveals that Petitioner is again mistaken as to the facts underlying these claims. Petitioner's first accusation is that counsel failed to object when "cumulative enhancements" under U.S.S.G. § 2B3.1(b)(2)(C) and (F) for brandishing a firearm and making an express threat of death were both applied in calculating his advisory Guidelines range for his robbery convictions. Petitioner's second claim is that counsel failed to object to the express threat of death enhancement being applied after Petitioner pled guilty to violating § 924(c) based on conduct related to the underlying Hobbs Act predicate. However, the Presentence Report reflects that the threat of death enhancement found in U.S.S.G. § 2B3.1(b)(2)(F) was applied only to Petitioner's conviction on Count 11 for attempted bank robbery (Presentence Report ¶ 44), that the brandishing enhancement found in U.S.S.G. § 2B3.1(b)(2)(C) was applied only to his convictions on Count 19 for attempted Hobbs Act robbery and Count 27 for Hobbs Act robbery (id. ¶¶ 50, 62), and that neither enhancement was applied to the Hobbs Act Robbery conviction on Count 25 due to the separate § 924(c) brandishing conviction in Count 26 related to the robbery charged in Count 25 (id. ¶¶ 41, 55-60). The Guidelines range

---

[3] In contrast, Count 20 of the indictment charged a violation of § 924(c) based on an attempted Hobbs Act Robbery charged in Count 19 of the Indictment. That charge in Count 20 would not be valid in light of current case law. See United States v. Taylor, 979 F.3d 203 (4th Cir. 2020), aff'd, 142 S. Ct. 2015 (2022). However, it was valid at the time, and in any event Count 20 was dismissed as part of Petitioner's guilty plea. Petitioner has not asserted any claims with respect to Count 20, and he cannot show any prejudice.

7

was calculated separately for each of the four robberies and then the final range was calculated using the multiple count rules of the Guidelines found in § 3D1.4. (Id. ¶¶ 67-68.) Therefore, multiple enhancements under U.S.S.G. § 2B3.1(b)(2) were not applied to any one count, and no enhancements under § 2B3.1(b)(2) were applied to the Hobbs Act robbery in Count 25 that served as the predicate for Petitioner's § 924(c) conviction in Count 26.[4] Thus, the improper double counting and improper application of the threat of death enhancement alleged by Petitioner simply did not occur. His counsel had no grounds for any objections and did not perform deficiently or prejudice Petitioner by failing to object. These claims should also be denied.

Based on the recommendation that Petitioner's § 2255 Motion be denied as barred by his plea waiver and/or and lacking merit, and finding no basis for appointment of counsel, Petitioner's Supplement [Doc. #152] and Motion [Doc. #160] requesting an appointment of counsel will also be denied.

IT IS THEREFORE ORDERED that Petitioner's Supplement [Doc. #152] and Motion [Doc. #160] requesting an appointment of counsel are denied.

IT IS RECOMMENDED that Petitioner's Motion [Doc. #131] to vacate, set aside or correct sentence be dismissed as to any waived claims and denied as to any claims not waived, that this action be dismissed, and that, there being no substantial issue for appeal concerning

---

[4] Petitioner cites to Application Note 4 to Guideline § 2K2.4, but Petitioner excludes the portion of the Commentary that specifically addresses this situation:
> If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use or discharge of an explosive or firearm when determining the sentence for the underlying offense. . . . However, if a defendant is convicted of two armed … robberies, but is convicted under 18 U.S.C. 924(c) in connection with only one of the robberies, a weapon enhancement would apply to the … robbery which was not the basis for the 18 U.S.C. § 924(c) conviction.

8

the denial of a constitutional right affecting the conviction nor a debatable procedural ruling, a certificate of appealability not issue.

This, the 6th day of December, 2023.

/s/ Joi Elizabeth Peake
United States Magistrate Judge